IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAREEF CHILDS,

            Plaintiff,

v.

ADAM J. BIRCHEM,

            Defendant.

OPINION and ORDER

24-cv-482-jdp

---

Plaintiff Shareef Childs, proceeding without counsel, is a prisoner at Stanley Correctional Institution. Childs alleges that defendant Adam Birchem fabricated a conduct report against him for filing a prison grievance against Birchem. I granted Childs leave to proceed on a First Amendment retaliation claim against Birchem. Dkt. 6. Birchem moves for summary judgment. Dkt. 19 For the reasons stated below, I will grant that motion and dismiss the case.

UNDISPUTED FACTS

The following facts are undisputed unless otherwise noted.

Plaintiff Shareef Childs is a prisoner housed at Stanley Correctional Institution. Defendant Adam J. Birchem worked as a correctional officer there.

On October 11, 2023, Birchem ordered Childs back into his cell; Childs refused because his cellmate was using the toilet. Childs asked to speak with a supervisor, who allowed Childs to wait outside of the cell until his cellmate was finished.

Later, Childs approached the officer's station and asked Birchem for an inmate complaint form. Birchem refused to give him one, asking, "Who are you writing an inmate

complaint on?" Dkt. 28, ¶ 5. Childs responded. "Don't antagonize me or ask me why just give me a complaint." *Id.*, ¶ 6. According to Childs, Birchem then said, "If you write an inmate complaint on me I'm writing you a conduct report." *Id.*, ¶ 7. After Childs asked Birchem what he said, Birchem repeated the threat. Birchem denies threatening Childs with a conduct report.

In late October 2023, Childs filed an inmate grievance against Birchem regarding Birchem ordering him into his cell despite his cellmate using the toilet and then threatening him with a conduct report if he filed a grievance about it. The grievance was acknowledged by the institution complaint examiner on October 23, 2023. The examiner spoke with Birchem about the incident.

The next day, October 24, at about 8:55 a.m., Birchem told the inmates on Childs's unit that they could start signing out for recreation, which started at 9:00 a.m. About ten inmates, including Childs, came down to Birchem's location to sign out. Childs began to leave the unit early. According to Birchem, when he told Childs that he couldn't leave yet, Childs responded, "I am not going to fucking listen to you or your fucking rules," and left the area. Dkt. 21, ¶ 21. Birchem adds that Childs returned to tell him "read fucking page 14 [of the inmate handbook] if you want us to follow the fucking rules," and then left the unit for recreation. *Id.*, ¶ 22. Other inmates also left early. Childs denies telling Birchem that he wouldn't follow the rules and denies cursing at Birchem.

Birchem wrote Childs a conduct report charging him with violations of Wis. Admin. Code §§ DOC 303.28 (disobeying orders), 303.29 (disrespect), and 303.53 (being in an unassigned area). In that report Birchem recounted his version of the October 24 events. Childs was the only member of the group of inmates who left early who received a conduct report from Birchem.

At the ensuing due process hearing, Childs questioned Birchem and two other inmates, who stated that Childs did not curse at Birchem. In his testimony at the hearing, Birchem did not state that Childs cursed at him.

In a written decision, the hearing officer found Childs guilty of disobeying orders and being in an unassigned area but found him not guilty of disrespect. The decision did not explain the reasoning behind the disrespect verdict.[1] Childs was punished with seven days of room confinement.

I will discuss additional facts as they are relevant to the analysis.

ANALYSIS

Childs proceeds on a First Amendment claim that defendant Bircham retaliated against him by fabricating the disrespect charge against Childs in response to Childs filing a grievance against him.

To succeed on a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in the defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Birchem concedes that filing an inmate complaint is a protected First Amendment activity. In his brief he initially states that he also agrees that issuing a conduct report for filing

---

[1] Birchem includes the declaration of Jeremy Vait, the security director, who approved the room-confinement punishment. Dkt. 22. Vait attempts to explain why Childs's alleged swearing didn't warrant a disrespect infraction, but Vait wasn't the hearing officer who made that decision, so I will disregard Vait's reasoning on this point.

an inmate complaint is the type of deprivation that could deter First Amendment activity. But in discussing the third element, he also argues that Childs can't win his retaliation claim because he wasn't harmed by the addition of the disrespect charge on which he was found not guilty; that's really an argument on the second element, not the third. So I take Birchem to be contesting both the second and third elements.

I'll start with the third element. According to Childs's version of the facts, Birchem flat out told Childs that he would file a conduct report against Childs if Childs filed a grievance against him, and then the day after he got word of Childs's grievance, he did issue Childs a conduct report including a fabricated charge of disrespect based on Birchem lying about Childs swearing at him. Birchem wrote only Childs a conduct report and did not discipline any other inmates who left the unit early. Birchem argues that prison staffers commonly face grievances about their conduct and that he would never act unprofessionally by lashing out against an inmate who filed a grievance against him. But at the summary judgment stage I must resolve disputed issues of fact in Childs's favor, and his version of the facts could lead a reasonable jury to conclude that Birchem issued Childs the conduct report because of Childs's grievance against him.

Nonetheless, regardless of retaliatory motive, a plaintiff can't win a retaliation claim for a conduct report given for legitimate reasons. *See Brown v. Phillips*, 801 F.3d 849, 855 (7th Cir. 2015); *Turner v. Boughton*, No. 17-cv-203-jdp, 2021 WL 1200597, at *17 (W.D. Wis. Mar. 30, 2021). In considering a retaliation claim, I must "afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (internal quotations and citations omitted); *see also Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir.

4

2020) (citing *Babcock*). And prison staffers do not violate the Constitution merely by making errors in disciplinary proceedings. *Heffernan v. City of Paterson*, 578 U.S. 266, 272 (2016).

In his complaint, Childs focuses on the fabricated disrespect charge and does not suggest that Birchem also fabricated the disobeying orders and being-in-an-unassigned-area charges. Nor does anything in the record suggest that Birchem fabricated the basis for those charges; Childs appears to concede that he indeed left the unit before the assigned time. So even if Childs means to argue that Birchem issued him those charges out of retaliatory animus, he can't succeed on a retaliation claim about them because Birchem had a legitimate penological reason to issue those charges.

That leaves the disrespect charge. Under Wis. Admin. Code § DOC 303.29, "Disrespect includes derogatory or profane writing, remarks or gestures, name calling, yelling, and other acts which are made outside the formal complaint process, which are expressions of disrespect, and which have a reasonable potential to negatively affect institution security, safety, order, or inmate discipline." Birchem argues that "there just seems to be disagreement between Childs and Birchem as to the contents of their conversation" and that Childs can't show that Birchem lacked a legitimate penological reason to charge him with disrespect. Dkt. 20, at 10. But accepting Childs's version of the facts as true, this wasn't just a disagreement about what occurred or a mistake on Bircham's part; Birchem fabricated his report of Childs swearing at him. Even given the deference accorded prison officials' decisions regarding prison discipline, there wasn't any legitimate reason to charge Childs with disrespect given these assumed facts.

But Childs's claim ultimately fails on the second element. He was found not guilty on the disrespect charge, so he wasn't punished for that charge. "A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action." *See Bridges*,

5

557 F.3d at 555 (affirming dismissal of the plaintiff's retaliation claim on allegations that a defendant "filed an unjustified disciplinary charge, which another Defendant upgraded to a 'major offense'" where "[t]he charge was later dismissed"); *see also Czapiewski v. Zimkiewicz*, 768 F. App'x 579, 582 (7th Cir. 2019) (noting that the "conduct report was dismissed after a hearing and [the plaintiff] was not disciplined, so he did not suffer any 'deprivation'"). Because *Bridges* and *Czapiewski* foreclose Childs's retaliation claim regarding the disrespect charge, I will grant summary judgment to Birchem.[2]

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment, Dkt. 19, is GRANTED.

2. The clerk of court is directed to enter judgment and close the case.

Entered December 17, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[2] Birchem also contends that he is entitled to qualified immunity. Because I am dismissing Childs's claim on the merits, I need not consider Birchem's qualified immunity argument.